[No. 38911. Department Two. September 14, 1967.]

THE STATE OF WASHINGTON, *Appellant*, v. BOARD OF VALUATION, *Respondent.**

*The Attorney General, James C. Hanken* and *J. R. Pritchard, Assistants*, for appellant.

*Reported in 431 P.2d 715.

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for respondent.

WEAVER, J.—The Constitution of the State of Washington (art. 15, §§ 1, 2) declares that the "legislature shall provide for the appointment of a commission whose duty it shall be to locate and establish harbor lines in the navigable waters of all harbors, estuaries, bays and inlets of this state. . . ."

The area lying between the harbor line (as determined by the harbor commission) and the line of ordinary high water, wherever such area is within or in front of the corporate limits of a city or within one mile thereof on either side, is owned by the state in perpetuity. The area is reserved for landings, wharves, streets and other conveniences of navigation and commerce. The legislature is directed, however, to provide general laws for leasing the right to build and maintain wharves, docks and other structures in the area.

The legislature, by Laws of 1927, ch. 255 (RCW 79.01), passed the Public Lands Act. It contains a comprehensive procedure governing the leasing of harbor areas and tidelands belonging to the state.

RCW 79.01.516 provides that the rental

shall be a fixed percentage during the term of such lease on the *true and fair value* in money of such harbor area determined from time to time by the *county assessor* as herein provided. (Italics ours.)

RCW 79.01.520 sets forth the method to be employed by the county assessor in determining the true and fair value of the harbor area property; further, it establishes a procedure for appeal from his valuation. The statute is so long that we attach it as Appendix "A" to this opinion. In general, it provides that when there is an application to lease or re-lease a harbor area, the commissioner shall certify the description to the county assessor who shall determine "the true and fair value in money . . . which true and fair value in money . . . shall be the value at which the

property would be taken in payment of a just debt from a solvent debtor."

If the applicant, the lessee, or *the state* is dissatisfied with the valuation as fixed by the assessor, there is a right of appeal to a "valuation board" composed of the county commissioners, the county treasurer, and the county assessor.

In the instant matter, two state lessees applied for renewal of their leases.[1] Disputing the assessor's valuation, they appealed to the "valuation board" as provided in RCW 79.01.520. Counsel inform us that this is the first time such a "valuation board" has been convened. Upon organization, it adopted rules of procedure to govern the contested hearing to be held before it.

At this point, the state of Washington, Department of Natural Resources, commenced this action against the "valuation board" for a declaratory judgment, pursuant to RCW 34.04.070, to determine the validity of the rules of procedure it had adopted.

The nub of the state's theory is that the procedural rules adopted were, in some respects, contrary to the Administrative Procedure Act (RCW 34.04) and were not adopted pursuant thereto. Specifically, the state contends the rules are invalid because (1) no notice of the rules was filed with the office of code reviser, as required by RCW

---

[1] In re Valuation of Lease No. 1816, Arthur G. Dunn and Edward B. Dunn, Trustees, and Helen A. Culliton, Petitioners, v. State of Washington (Dept. of Natural Resources), Respondent. In 1965 the rental had been raised to $3,945 from some lesser figure not stated in the record.

In re Valuation of Lease No. HA-1911, Seattle Piers, Inc., Petitioner, v. State of Washington (Dept. of Natural Resources), Respondent. According to appellate brief of respondent, the rental of the area involved had been $301.29 for many years. In 1963 it had risen to $11,750. The 1964 rental was paid. The 1965 rent is in controversy. We do not find this in the authenticated appellate record.

34.04.020(3);[2] (2) the rules have not been filed with the code reviser, as required by RCW 34.04.040(1);[3] and (3) the rules do not guarantee the right of cross-examination, as required by RCW 34.04.100(3).[4]

Without expressing its reasons, the trial court dismissed the action upon defendant's motion for summary judgment. The state appeals.

In spite of the complexity of the factual background, the solution of this appeal pivots on whether the King County Board of Valuation (King County Leased-Tide Lands Review Board) is a *state* agency or a *county* agency. If it is a state agency, it must conform to the Administrative Procedure Act (RCW 34.04); if it is not a state agency, it is not subject to the act.

RCW 34.04.010 defines "agency" as:

any state board, commission, department, or officer, authorized by law to make rules or to adjudicate contested cases, except those in the legislative or judicial branches.

[2]RCW 34.04.020 Adoption of rules of practice and procedure—Notice of intention.

. . . .

(3) Prior to the adoption of any rule authorized by law, or the amendment or repeal thereof, the adopting agency shall file notice thereof with the office of code reviser. So far as practicable, the adopting agency shall also publish or otherwise circulate notice of its intended action and afford interested persons opportunity to submit data or views either orally or in writing. Such notice shall include (a) a statement of the time, place, and nature of public rule-making proceedings, (b) reference to the authority under which the rule is proposed, and (c) either the terms or substance of the proposed rule or a description of the subjects and issues involved. Except where notice or hearing is required by statute, subdivision (3) of this section shall not apply to interpretative rules, general statements of policy, or rules of internal agency organization, procedure or practice.

[3]RCW 34.04.040 Rules filed with code reviser—Register—Effective dates—Report. (1) Each agency shall file forthwith in the office of the code reviser a certified copy of all rules now in effect and hereafter adopted, . . . .

[4]RCW 34.04.100 Contested cases—Rules of evidence—Cross examination. In contested cases:

. . . .

(3) Every party shall have the right of cross-examination of witnesses who testify, and shall have the right to submit rebuttal evidence.

"Rule" is defined in the same section of the statute as:

every regulation, standard, or statement of policy or interpretation of general application and future effect, including the amendment or repeal thereof, adopted by an agency, whether with or without prior hearing, to implement or make specific the law enforced or administered by it or to govern its organization or procedure, but does not include regulations which concern only the internal management of the agency and do not directly affect the rights of or procedures available to the public.

The same section of the statute defines "contested case" as:

a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing.

It is beyond dispute that the current matters before the "valuation board" are contested cases within the statutory definition.

■ ■ We conclude that the "valuation board" is a state agency and not a county agency. The official county position that each member of the "valuation board" holds in county government does not determine the nature of the board. *It is the function which the board performs that determines its nature.* The function is entirely state, not county. In short, there is nothing that the assessor does, or that the "valuation board" does that is for a county purpose. The assessor fixes a valuation for the state in a manner different from his statutory and constitutional duties for the county. RCW 79.01.520 (Appendix "A") requires that he "keep a record of such valuation separate from his records of assessments for taxation purpose." (Italics ours.) This work is all done for a state purpose. Once the value of the property is determined, either by the county assessor or by the "valuation board," the rental is paid to the state, not to the county. The administration of harbor areas is a function of the state, not of a county.

Although the facts are different, this court, in *State ex rel. Lopas v. Shagren,* 91 Wash. 48, 157 Pac. 31 (1916), has

already determined the proper method of evaluating the function of an agency when it said:

The next inquiry is whether the functions to be performed by the county game commissions and the county game wardens are county functions. If the functions of these offices relate exclusively to the local concerns of particular counties, then they are county offices, notwithstanding the legislature may have entertained a contrary intention. But if the functions of the offices created by the act concern the state at large or the general public, although exercised within definite territorial limits, they are not county offices.

As a state agency, the "valuation board" is required to adopt rules pursuant to the Administrative Procedure Act.

We are cognizant of the fact that a "valuation board" may be called into existence in any county having state-owned harbor areas within its boundaries. It is salutary, for the parties involved and for practitioners before the boards, that each board adopt rules within the ambit of the Administrative Procedure Act and that the rules be filed with the code reviser and published in the Washington Administrative Code.

The judgment of dismissal is reversed and the case is remanded to the superior court for further proceedings not inconsistent with this opinion.

It is so ordered.

FINLEY, C. J., DONWORTH, J., and LANGENBACH, J. Pro Tem., concur.

#### APPENDIX A

Upon the filing of any application for the lease, renewal lease, or re-lease, of harbor area under the preceding sections of this chapter, the commissioner shall certify to the county assessor of the county in which such harbor area is situated, a description of such harbor area with a request to value the same under this chapter. The assessor shall thereupon determine the true and fair value in money of such harbor area (exclusive of the improvements thereon) as of March 1st preceding the date of the filing of such application and certify the same to the commissioner, which true and fair value in money of such harbor area shall be the value at which the property would be taken in payment of a just debt from a solvent debtor. Such value shall be the basis of rental until the assessor's next valuation as herein provided. The

assessor shall thereafter in every even-numbered year as of March 1st place a valuation on such harbor area (exclusive of improvements) as above provided, and certify the same to the commissioner and such valuation shall be the basis of rental for the two year period following such valuation. Such assessor shall keep a record of such valuation separate from his records of assessments for taxation purpose: *Provided*, That the applicant, or lessee, or the state, through the commissioner, being dissatisfied with the valuation as fixed by the assessor, shall have the right of appeal from the findings of the assessor to a valuation board to be composed of the county commissioners, the county treasurer and the county assessor of the county in which the harbor area is located. To perfect such appeal, notice thereof shall be in writing and a copy must, within ten days after receipt of notice of the assessor's valuation, be personally served upon each member of the board of county commissioners and upon the county treasurer and the county assessor; or such copy may be left at the residence of such officer with some person of suitable age and discretion. Service of the notice may be made by any person qualified to serve a summons in a civil action. Within five days following the service of said notice on the chairman of the board of county commissioners, said chairman shall fix a time and place for a meeting of said valuation board and shall notify each of the officers of said board thereof, which said time shall be not less than five nor more than ten days from the date of giving said notice; like notice of the time and place fixed for said hearing shall also be given the applicant, or lessee, and the commissioner. At the time and place fixed for said meeting the said board shall meet and determine, by such means as it may select, the valuation of the harbor area in question. A majority of said officers shall constitute a quorum for the purpose of determining the question, and the valuation shall be determined by a majority vote of the members of said board. If a majority of the members of said board participate in said meeting no question shall be made as to any irregularity of the giving of the notices required. The meeting of the board and its deliberations and voting shall be open to the public and any interested parties. The decision of the board of the question of valuation shall be final and conclusive on all parties. (RCW 79.01.520)