[No. 43854.   En Banc.   May 6, 1976.]

HAZEL JEAN RIGGINS, *Respondent*, v. THE HOUSING AUTHORITY OF SEATTLE, ET AL, *Appellants*.

*LeSourd, Patten, Fleming & Hartung,* by *Dwayne E. Copple* and *Rodney J. Waldbaum,* for appellants.

*Barbara A. Isenhour* of *Legal Services Center* (Seattle), for respondent.

HUNTER, J.—The Housing Authority of Seattle appeals from a summary judgment based on stipulated facts entered by the parties. The facts as pertinent to this appeal are the following.

The appellant Housing Authority of Seattle administers a federally assisted, low rent housing program. Prior to 1974, it did not consider age in determining eligibility and, in fact, it undoubtedly rented to some minors who were eligible for public housing. In 1974, however, it formally considered whether or not under applicable federal regulations it should be entering into leases with minors. Since that time, appellant's policy has been to deny the applications of minors, pending their attainment of the age of 18 years. This policy was not adopted pursuant to the provisions contained in the Washington administrative procedures act (WAPA), RCW 34.04.

When respondent Hazel Jean Riggins applied for public housing on February 10, 1975, she was a 17-year-old minor and, except for her age, was eligible for public housing.[1] Based on the policy described above, the appellant denied respondent's application.

On March 5, 1975, the respondent filed an action for a declaratory judgment and injunctive relief. The summary judgment subsequently entered in favor of respondent spe-

___

[1]The respondent is no longer a minor and therefore no longer subject to appellant's policy that uniformly excludes minors from public housing. Neither side raised the issue of mootness, but this is not determinative of whether the court will nevertheless decide the case on the merits. *See Grays Harbor Paper Co. v. Grays Harbor County,* 74 Wn.2d 70, 73, 442 P.2d 967 (1968). The present case clearly involves a matter of continuing and substantial public interest, one in which an authoritative determination is desirable for the future guidance of public officers. It is within the category of moot cases that, in the discretion of this court, can be retained and decided. *See Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

cifically held (1) that the appellant Housing Authority of Seattle is a state "agency" subject to the Washington administrative procedures act (WAPA), and (2) since appellant's policy of uniformly denying public housing to minors, who except for age were otherwise eligible for public housing, involved "rule-making" within WAPA, the policy was void because its adoption did not conform with WAPA requirements.

Appellant raises three arguments in this appeal. It first argues that it is not an "agency" as defined in RCW 34.04.010(1) and thus not subject to WAPA. Second, even if it is such an "agency," it still is not subject to the procedural requirements of WAPA because it was not engaged in "rule-making," as defined in RCW 34.04.010(2), when it adopted its minimum age policy. Lastly, appellant suggests that in any event, RCW 35.82.070(8) of the Housing Authorities Law exempts it from the provisions of WAPA. We need not consider appellant's last two arguments, however, because we agree with appellant that it is not an "agency" as defined in RCW 34.04.010(1).

The definition of "agency" contained in RCW 34.04.010(1) is the only definition that is relevant to the application of WAPA. The only issue is whether the appellant Housing Authority of Seattle comes within this specific definition. Applying the definition of "agency" in RCW 34.04.010(1) is basically a matter of statutory interpretation. In applying and interpreting the definition, it is our object to give effect to the intention of the legislature. *See State v. Sponburgh*, 84 Wn.2d 203, 210, 525 P.2d 238 (1974). In this regard, definitions of state "agencies" made in other contexts and for other purposes are available, and they may be helpful in illustrating possible definitions. These definitions, however, in no way determine or control the meaning of "agency" for purposes of WAPA.

For purposes of WAPA, "agency" means any *state board, commission, department, or officer*, authorized by law to make rules or to adjudicate contested cases, except those in the legislative or judicial branches.

(Italics ours.) RCW 34.04.010(1). We feel that this definition clearly indicates the legislature intended WAPA to apply only to *state* boards, commissions, departments, and officers, *i.e.*, only to those government entities clearly involved in *statewide* programs. This statutory language itself indicates that the legislature intended the definition to have a narrow application.

In addition, other legislation, in which "agency" is defined much more broadly and completely, demonstrates that the legislature could set out less narrow definitions when it desired to do so. For example, in the Housing Cooperation Law, RCW 35.83, the legislature defined an analogous term, "state public body" to mean "any city, town, county, municipal corporation, commission, district, authority, other subdivision or public body of the state." RCW 35.83.020(3). A more striking example is found in RCW 42.17.020(1), enacted some time after WAPA, where the legislature specifically defined "agency" to include "all state agencies and all local agencies." It more particularly defined "state agency" in the statute to include "every state office, public official, department, division, bureau, board, commission or other state agency." The definition of "local agency" is equally particular and complete.

> "Local agency" includes every county, city, city and county, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency.

RCW 42.17.020(1).

The definition of "state agency" in RCW 42.17.020(1) parallels the definition of "agency" in RCW 34.04.010(1) as to state boards, commissions, departments, and officers (officials). The inclusion of a specific definition of "local agency" in RCW 42.17.020(1), the later enacted statute, indicates the legislature felt that the broad definition of "state agencies," without more, did not encompass these "local agencies." We believe the legislature meant what it said when it defined "agency" in RCW 34.04.010(1) for the purpose of WAPA as "any state board, commission, depart-

ment or officer." The legislature did not intend this defini-
tion to include local agencies, like those listed above, that
are not concerned with statewide programs or that are not
part of a statewide system. *Cf. Evergreen State Builders,
Inc. v. Pierce County,* 9 Wn. App. 973, 979 n.3, 516 P.2d
775 (1973). The legislature did intend to include agencies
that are clearly "state" in nature and not excluded from
the WAPA. *Cf. Department of Highways v. King County
Chapter, Washington Environmental Council,* 82 Wn.2d 280,
283, 510 P.2d 216 (1973) (Shorelines Hearings Board);
*State ex rel. Dawes v. State Highway Comm'n,* 63 Wn.2d
34, 40, 385 P.2d 376 (1963); *Herrett Trucking Co. v. State
Pub. Serv. Comm'n,* 58 Wn.2d 542, 544, 364 P.2d 505 (1961).

██ Turning to the appellant Housing Authority of Se-
attle, we note that it is an entity set up pursuant to RCW
35.82.030 of the Housing Authorities Law. This statutory
section, however, is only enabling legislation. A housing
authority cannot function "until or unless the governing
body of the city or the county, as the case may be, by
proper resolution shall declare . . . that there is need
for an authority to function in such city or county." RCW
35.82.030. In addition, the "area of operation" for any hous-
ing authority is limited to 5 miles from the territorial
boundaries in the case of a city and the county boundary in
the case of a county. RCW 35.82.020(6). There are a num-
ber of housing authorities throughout the state and each is
independent and sets its own rules and regulations. Hous-
ing authorities are authorized to receive assistance from the
federal government, *see* RCW 35.82.200, but they do not
receive any funding from the state government.

These facts indicate that the appellant performs in a
wholly local capacity, deals with local problems on a local
basis, and is independent from any statewide system. We
conclude, therefore, that the appellant is clearly not the
type of agency the legislature intended to be included in
RCW 34.04.010(1) and subject to the provisions of WAPA.
*See Edwards v. City Council,* 3 Wn. App. 665, 668, 479 P.2d
120 (1970); *cf. Fagan Elec. Co. v. Housing Authority,* 228

S.W.2d 39, 40 (Ark. 1950); *Centralia College Educ. Ass'n v. Board of Trustees*, 82 Wn.2d 128, 130, 132-33, 135, 508 P.2d 1357 (1973); *see generally Mercy v. Seattle*, 71 Wn.2d 556, 561, 429 P.2d 917 (1967); *Wilcox v. Housing Authority*, 66 Wn.2d 864, 870, 405 P.2d 723 (1965).

Where it is questionable whether or not a government entity is within the narrow definition of agency contained in RCW 34.04.010(1), it may be necessary to analyze the precise function the entity performs in order to determine the issue. *See State v. Board of Valuation*, 72 Wn.2d 66, 70, 431 P.2d 715 (1967); *Edwards v. City Council, supra.* If the function is entirely state or related exclusively to statewide concerns, then the government body would be subject to WAPA. *See State v. Board of Valuation, supra; cf. State ex rel. Lopas v. Shagren*, 91 Wash. 48, 52, 157 P. 31 (1916). In the instant case, however, there is no question that the legislature did not intend the appellant, Housing Authority of Seattle, to be included within RCW 34.04.010(1). As a result, we need not consider the application of this functional analysis to the facts in this case.

The judgment of the trial court is reversed.

STAFFORD, C.J., and ROSELLINI, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.