[No. 45344.   En Banc.   September 21, 1978.]

LEE HARVEY, ET AL, *Appellants*, v. THE BOARD OF
COUNTY COMMISSIONERS OF SAN JUAN COUNTY,
ET AL, *Respondents*.

*Edward W. Taylor* (of *Day, Taylor, Lombard & Kiefer*), for appellants.

*Michael C. Redman, Prosecuting Attorney,* and *John B. Nason, Special Deputy,* for respondents.

*Slade Gorton, Attorney General, Charles B. Roe, Jr., Senior Assistant,* and *Robert Jensen, Assistant,* amici curiae.

BRACHTENBACH, J.—This case involves the adoption by San Juan County of a shorelines management master program as mandated by RCW 90.58.

The appellants are owners of real estate in San Juan County. They sought a writ of certiorari to review the county's adoption of the master program. The trial court dismissed the action on the grounds that the State Department of Ecology (DOE) was a necessary party which had not been joined and that the suit would lie only in Thurston County. We affirm.

Being aware of the issues raised herein and the uncertainties involved, appellants commenced an action in Thurston County and joined DOE as a defendant. In view of our holdings and the pendency of that suit, we do not reach the merits of the master program and the procedures by which it was adopted.

The Shorelines Management Act, RCW 90.58, establishes comprehensive policies and goals for the development and use of the shorelines of this state. The affected shorelines are defined in RCW 90.58.030(2)(d).

The statute requires local governmental units to develop for their shorelines a master program in accordance with the policies enunciated in RCW 90.58.020. The proposed master program is submitted to DOE for adoption or approval. RCW 90.58.090.

The questions presented are whether challengers of a master program must join the DOE and whether they must bring suit only in Thurston County.

■■ First is the Department of Ecology a necessary party? A necessary party is one which has sufficient interest in the litigation that the judgment cannot be determined without affecting that interest or leaving it unresolved. CR 19(a). Action by the DOE is an integral and mandatory part of the development and ultimate adoption of a shorelines master program. Approval or adoption of that program by DOE is a condition precedent to the program becoming

effective. The statute so declares. RCW 90.58.120.

Not only does the statute give DOE a significant role in developing a master program, the statute specifies the procedures of adoption or approval which dictate that DOE must be a party to this lawsuit and that that suit must be in Thurston County.

Adoption or approval of a shorelines master program is equivalent to promulgation of an administrative rule and is to be done in accordance with the rule adoption procedures of the administrative procedures act. RCW 90.58.120 so decrees by adopting RCW 34.04.025, the rule adoption procedure of the administrative procedures act.

It is clear from the statute that DOE is more than a passive approve/disapprove agency. If it approves and adopts the master program, it must formally publish it as part of its administrative regulations. Given that statutory involvement of DOE, what is the place of judicial review? Again the statute provides the answer. RCW 90.58.180(5) states that: "[M]aster programs . . . shall be subject to review in superior court, if authorized pursuant to RCW 34.04.070 . . ." Looking then at RCW 34.04.070, we must keep in mind that DOE's action is the same as an administrative rule promulgation. The statute then dictates the outcome of this suit. It provides that any challenge to an agency rule must join the agency as a party and that action must be brought in Thurston County.

This is the specific and controlling holding of *Sim v. State Parks & Recreation Comm'n*, 90 Wn.2d 378, 583 P.2d 1193 (1978). We need not repeat the analysis and authorities therein.

Thus coordinating the provisions of the Shoreline Management Act of 1971 with the administrative procedures act, it is clear that the Department of Ecology is a necessary party and that the action must be brought in Thurston County.

476

The trial court is affirmed.

WRIGHT, C.J., ROSELLINI, HAMILTON, STAFFORD, HOROWITZ, DOLLIVER, and HICKS, JJ., and RYAN, J. Pro Tem., concur.