[No. 20135-6-II.   Division Two.   September 5, 1997.]

KITSAP COUNTY FIRE PROTECTION DISTRICT NO. 7, *Appellant*, v. KITSAP COUNTY BOUNDARY REVIEW BOARD, ET AL., *Respondents*, THE CITY OF BREMERTON, ET AL., *Intervenors*.

754

*Richard A. Gross,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Nancy F. Sloane Schoepflin, Assistant,* for respondents.

*Ian R. Sievers, Bremerton City Attorney;* and *G. Perrin Walker, Greg W. Haffner,* and *Vandeberg Johnson & Gandara,* for intervenors.

JOHNSON, J.* — Kitsap County Fire Protection District No. 7 (District) appeals an order of the superior court dismissing an appeal of the Kitsap County Boundary Review Board (BRB) with prejudice for failure to timely join a necessary and indispensable party. At issue is whether the BRB is a state agency subject to the Administrative Procedure Act (APA) or whether the civil rules of the superior court and the BRB statute, RCW 36.93, govern. We find no error and affirm the superior court's order dismissing the appeal with prejudice.

## FACTS

A property owner, Sciepko, and the City of Bremerton (City) proposed to annex 75.56 acres to the City. On March 14, 1995, Kitsap County (County) filed with the BRB a request for review of the proposed annexation. On May 23, 1995, following a public hearing in which Sciepko, the City, and the District all participated, the BRB approved annexation of 75.56 acres into the City.

---

*Justice Charles W. Johnson is serving as a judge pro tempore of the Court of Appeals, Division II, pursuant to CAR 21(c).

On June 20, 1995, the District appealed the BRB's decision in superior court.[1] The notice of appeal designated the BRB as the only party respondent. Notice of appeal was served on the secretary of the BRB and was mailed to the Attorney General, but notice of appeal was never served on the City or Sciepko.

On August 2 and 4, 1995, Sciepko and the City respectively filed in superior court separate motions to consolidate, intervene and dismiss the District and County appeals. On August 23, 1995, the County filed a motion to join the City and Sciepko as parties and to have the amended notice of appeal relate back to the original filing of the notice of appeal.

## PROCEDURE

On September 15, 1995, the superior court (1) consolidated the two cases; (2) granted the City's motion to intervene as a necessary party under CR 24(a)(2); (3) denied Sciepko's motion to intervene because his interests could be represented by the City; (4) denied the County's motion to join the City and Sciepko finding inexcusable neglect not to name the City as a party; (5) dismissed both the appeals with prejudice; and (6) confirmed the annexation. The court denied the District's and the County's motions for reconsideration.

Although the County was a party at the trial court, only the District appealed the decision of the superior court.

## ANALYSIS

We are asked to decide whether the BRB is a state agency governed by the administrative procedure act, RCW 34.05. The District argues the APA should apply

---

[1]The County also appealed the BRB decision to superior court. The two cases were consolidated. The County made tactical trial decisions distinct from the District that are explained in more detail below. The County did not appeal the decision of the superior court.

to BRB appeals because the BRB is a statewide agency designed to control urban growth throughout Washington. The District further contends the civil rules for superior court (CR) are not applicable to appeals of BRB decisions if there is a conflict between the BRB statute and the civil rules.

The superior court found the BRB a local agency and held the civil rules, not the APA, apply to appeals of BRB decisions. We agree.

## State Agency

■ The APA applies only to actions of state agencies clearly involved in statewide programs. *Riggins v. Housing Auth.*, 87 Wn.2d 97, 100, 549 P.2d 480 (1976); *see* RCW 34.05.010(2); RCW 34.05.030. State agencies do not include local agencies that are not concerned with statewide programs or are not part of a statewide system. *Riggins,* 87 Wn.2d at 101.

*Riggins* established the factors to be used in the determination of whether an agency is a state agency. In *Riggins*, the supreme court held housing authorities established by state statutes were not subject to the APA because the housing authorities were (1) limited to an area of operation within their own county boundary, (2) independent and permitted to set their own rules and regulations, and (3) not receiving any funding from the state government. *Riggins*, 87 Wn.2d at 101. The court held these facts indicated the housing authority is not the type of agency the Legislature intended to be governed by the APA. *Riggins*, 87 Wn.2d at 101. The housing authority "performs in a wholly local capacity, deals with local problems on a local basis, and is independent from any statewide system." *Riggins*, 87 Wn.2d at 101.

■ Applying these factors to a BRB, we conclude a BRB is not a state agency because (1) the purpose of each BRB is to guide and control the growth of municipalities in local areas, RCW 36.93.010; (2) each BRB determines its own rules, order of business, and regulations, RCW

36.93.070, RCW 36.93.200; and (3) the BRB members are compensated from the county's current expense fund, RCW 36.93.070. Further, the local county, not the State, has the power to disband a local BRB. RCW 36.93.230. The BRB is a local agency and, accordingly, the APA does not apply to appeals of BRB decisions to superior court.

## The Civil Rules

The District argues RCW 36.93.160(5) requires only *filing* of the notice of appeal within 30 days to comply with the statute and stay the decision to annex the property. The City argues the District did not properly file because the City was not named as a party and, further, proper service must accompany the filing of the appeal. The superior court held the City was a party to the action that needed to be named and properly served in accordance with the civil rules.

The District cites two cases, *Hanson v. Spokane County*, 53 Wn. App. 723, 770 P.2d 210 (1989), and *Nisqually Delta Ass'n v. City of Dupont*, 95 Wn.2d 563, 627 P.2d 956 (1981), in support of the proposition that a statute governs the procedural questions if the statute provides appropriate guidelines. The two cases are inapposite. In *Hanson*, the court considered the issue of whether a petitioner who fails to appeal a BRB decision within the statutory time period can argue the BRB did not provide adequate public notice of the hearing. *Hanson*, 53 Wn. App at 728. The court held the statute provided adequate protection of constitutional rights and the failure to appeal the decision within the guidelines of the statute prevents the court from hearing the complaint later. *Hanson*, 53 Wn. App. at 728. In *Nisqually Delta,* the court was asked to consider whether standing was governed by fulfilling the requirements of a statute or a writ of certiorari. *Nisqually Delta,* 95 Wn.2d at 570. The court held that a party who deliberately chooses to proceed under a statute to obtain a stay of the BRB's decision must fulfill the requirements for standing as outlined under the statute. *Nisqually Delta,*

95 Wn.2d at 570-71. The cases hold a party choosing to seek a statutory appeal is bound by the statutory provisions for review and standing. These cases deal with election of remedies, and do not stand for the proposition that the civil rules do not apply to BRB appeals in superior court.

The civil rules apply to all civil proceedings unless inconsistent with rules or statutes applicable to special proceedings. CR 1; CR 81. Appeals of a BRB decision are governed by RCW 36.93. Specifically RCW 36.93.160(5) and (6) provide for superior court review of a BRB decision and explain the applicable statute of limitations for filing a notice of appeal.

■ Since we find the BRB a local agency, we hold the BRB statute and the civil rules apply to appeals of BRB decisions in superior court. Contrary to the District's assertion, the BRB statute does not conflict with the civil rules. The civil rules are used in conjunction with the BRB statute. In this case the civil rules are used to instruct a party of the appropriate steps required to properly commence an action.

■ The District did not file the notice of appeal against the City, nor did the District properly serve the appeal on the City. The District argues it substantially and in good faith complied with the language in the statute, citing *Scannell v. State*, 128 Wn.2d 829, 912 P.2d 489 (1996), in support of its argument.[2] The BRB statute requires a notice of appeal to be filed within 30 days of the date of the BRB decision. RCW 36.93.160(5). CR 10(a)(1) requires the name of the City to be in the caption of the appeal. CR 5(d)(1) requires service on the City either before or

---

[2]*Scannell v. State* involved a pro se litigant who was misled by the language of a statute due to a recent amendment. This court held "[h]ad the old rule been in effect, Scannell's acts would have been in full compliance," demonstrating a good faith effort to comply with the rule. *Scannell,* 128 Wn.2d at 833. The District's failure to name the appropriate party was not caused by a change to the BRB statute, nor was the failure caused by precedent suggesting the City was not the proper party to be named. Despite the District's argument, a good faith effort to properly commence an action was not made in this case.

promptly after filing the matter. Service on the City must be made in person on the mayor, city manager or designee, or city clerk. RCW 4.28.080(2). The District mailed copies of its appeal to a City employee and the City attorney. Despite filing the notice of appeal within the 30-day time period, the District failed to properly name the City as a party and failed to properly serve the City in accordance with the civil rules.

## Special Intervention

The District assigns error to the superior court's decision granting the City's motion to specially intervene. The District attempts to argue the City was not a party during the BRB hearing because the City did not request "party status" and was not a party to the appeal because the City's interests were adequately represented by the BRB.

■ The trial court did not agree and held the City had a right to intervene under CR 24(a)(2). CR 24(a)(2) provides a right to intervene:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The District argues it did not name the City or Sciepko because the BRB would protect the interests of these parties. We do not agree and find the BRB cannot protect the interests of either the City or Sciepko in this action. We are persuaded by precedent that suggests a BRB is a quasi-judicial body that has no legal interest in the ultimate decision, but represents the public interest and is concerned with assisting the court to make a proper judgment. *Veradale Valley Citizens' Planning Comm. v. Board of County Comm'rs*, 22 Wn. App. 229, 233, 588 P.2d 750 (1978) (citing *Sumner-Tacoma Stage Co. v. Department of Public Works*,

142 Wash. 594, 597, 254 P.2d 245 (1927)). In *Veradale Valley*, the court was asked to decide what parties were necessary to an appeal of a zoning board decision before an individual can be deprived of an established property right. *Veradale Valley*, 22 Wn. App. at 232. The court held the Board had no property interest in the outcome of the case because it is a quasi-judicial body, and complete relief could not be obtained without joinder of the interested property owners. *Veradale Valley*, 22 Wn. App at 234.

■ We hold the City, not the BRB, has a direct interest in the annexation of this property. Without the City's participation in this action as a party, the City would not be able to protect its financial interests, the interests of its citizens, and the interests of future citizens within the annexation area.[3] If the action were allowed to proceed without the City, these interests would not be protected. The City was correctly allowed to intervene under CR 24(a)(2).[4]

## Necessary and Indispensable Party

■ The superior court dismissed the appeals of both the County and the District under CR 19, finding the City was a necessary and indispensable party to the appeals. A necessary party is one which has a sufficient interest in the litigation that the judgment cannot be determined without affecting that interest or leaving it unresolved. *Harvey v. Board of County Comm'rs*, 90 Wn.2d 473, 474, 584 P.2d 391 (1978); CR 19(a).

CR 19(a) requires a person be joined as a party if: the person "is subject to service of process"; the "joinder will

---

[3]Sciepko, as the property owner, has an interest in the action; however, the trial court noted Sciepko's interests are adequately protected by the City. Once the City has initiated or approved an annexation petition, it has the duty to represent the interests of the area residents, as well as its own interests. *City of Seattle v. State*, 103 Wn.2d 663, 669, 694 P.2d 641 (1985).

[4]The District attempts to argue the City's special intervention, if permitted, should negate any previous deficiencies in service. We do not agree. The City specially intervened only to protect its interest; this act by the City cannot be used to correct the District's procedural mistakes.

not deprive the court of jurisdiction over the subject matter"; and the person "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . as a practical matter impair or impede his ability to protect that interest . . . ."

■ The City, as a municipality of the state of Washington, is subject to service of process. Joinder would not have deprived the superior court of jurisdiction over the subject matter. As discussed above, the City had a right to intervene in the appeal. The same analysis required for intervention under CR 24(a)(2) satisfies the third element of CR 19(a). The trial court correctly determined the City a necessary party.

The District asserts that joinder of the City as an indispensable party under CR 19(b) was not necessary because the BRB, as a named party, adequately represents the City in defending its decision. The case cited for this proposition, *Snohomish County v. Hinds*, 61 Wn. App. 371, 810 P.2d 84 (1991), does not support the District's argument. *Hinds* discussed the practice of including a BRB as a party and specifically reserved the question of whether a BRB was an indispensable party. *Hinds*, 61 Wn. App. at 377. Contrary to the District's belief that this case required the BRB to be the named party in appeals to superior court, *Hinds* actually implies the one party that *is not necessary* in the appeal is the BRB.

An indispensable party is described under CR 19(b), which examines:

(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties;

(2) the extent to which . . . the prejudice can be lessened or avoided;

(3) whether a judgment rendered in the person's absence will be adequate;

(4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Applying these factors, a judgment in the appeal com-

menced by the District would affect the substantial property interests and governmental responsibilities outlined earlier. If the City were not joined as a party, it would not be able to appeal the decision of the superior court. Thus, an adverse judgment rendered in the absence of the City would be prejudicial to the rights and interests of the City. The prejudicial interest could have been avoided only by joining the City as a necessary and indispensable party because the BRB is a neutral party that could not protect the City's interest. The superior court was correct in finding the City a necessary and indispensable party.

## Dismissing Appeal With Prejudice

The County filed a motion to amend its notice of appeal to name the City and Sciepko as parties and to have the amended notice of appeal relate back to the date of filing of the original notice of appeal. The superior court denied the County's motion to amend because the court held the failure to name the City within the 30 days permitted to file the notice of appeal was "inexcusable neglect."

As stated above, the District made no attempt to amend its notice of appeal. RCW 36.93.160(5) requires an appeal of a BRB decision to be filed within 30 days of the decision. The decision by the BRB was issued May 23, 1995. The District filed its appeal June 20, 1995, within the 30-day time period. However, the District failed to name the City as a party to the appeal.

■ Naming a party requires compliance with CR 10. A caption must set forth the title of the action that "shall include the names of all the parties . . . ." CR 10(1). The District's notice of appeal failed to meet the requirements of this rule. Unlike the County, the District never attempted to amend its pleading, thus the superior court did not rule on this issue as it relates to the District. Any attempt by the District to amend its notice of appeal before this court is not permitted.

■ The District argues if it is not permitted to amend

its notice of appeal, it should be possible to join the City as a new party. CR 15(c) permits amended pleadings to relate back to the date of the original pleading provided there is an identity of interest between the new and the old parties. *Veradale Valley*, 22 Wn. App. at 237. Washington courts have permitted CR 15(c) to be applied after the running of an applicable statute of limitations in cases of mistaken capacity, misnomer, or mere oversight. *Veradale Valley*, 22 Wn. App. at 238 (citing *Lind v. Frick*, 15 Wn. App. 614, 616, 550 P.2d 709 (1976)). An amendment adding a party will not relate back to the date of the original pleading under CR 15(c) if the failure to timely name the party was due to inexcusable neglect. *Tellinghuisen v. King County Council*, 103 Wn.2d 221, 223, 691 P.2d 575 (1984) (citing *North St. Ass'n v. City of Olympia*, 96 Wn.2d 359, 368, 635 P.2d 721 (1981)).

The BRB does not have an identity of interest with the City. As discussed earlier, the BRB has no legal interest in the outcome of the superior court decision. The failure to join the City was not due to mistaken capacity, misnomer, or oversight. The trial court noted, as in *Tellinghuisen,* the identity of the omitted party was a matter of public record.

## CONCLUSION

The District knew the City was a proponent before the BRB and wrongly decided the BRB was the only party it was required to name as a party. From the record, no reason for the failure to name a necessary party is evident. The failure to join the proper party was inexcusable neglect and the superior court correctly dismissed the appeal with prejudice.

Affirmed.

BRIDGEWATER, A.C.J., and SEINFELD, J., concur.

Reconsideration denied October 29, 1997.

Review denied at 134 Wn.2d 1027 (1998).