# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOSHUA WIECHMAN,<br><br>   Appellant,<br><br>    v.<br><br>OFFICE OF HEARING EXAMINER,<br>CITY OF SEATTLE,<br><br>   Respondent. | No. 87896-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Representing himself in the trial court and on appeal, Joshua Wiechman appeals the summary judgment dismissal of his "petition for judicial review" of a decision of the Office of the Hearing Examiner for the City of Seattle (OHE).  Wiechman argues that numerous procedural and due process errors require reversal.  We conclude that the superior court did not err in dismissing the case because Wiechman named only OHE as the respondent, and OHE was not a proper party.  We therefore affirm.

I

Wiechman was a tenant under a lease agreement for a rental unit in Seattle owned by The Olivian/Greystar.  In 2024, Wiechman filed a third-party complaint with OHE alleging that Olivian had subjected him to billing practices in violation of chapter 7.25 Seattle Municipal Code (SMC).  Wiechman sought a full refund of all improper charges with interest; statutory damages of $500 per day per violation; damages for Consumer Protection Act, chapter 19.86 RCW, violations;

compensatory and punitive damages for fraud; compensation for emotional distress, inconvenience, and lost wages; an award of legal costs; termination of the lease without penalty; and that the issues he raised be reported to other governing bodies.

On November 12, 2024, the hearing examiner issued a written decision finding that Olivian engaged in prohibited billing practices under chapter 7.25 SMC. In accordance with SMC 7.25.050.B.1, the hearing examiner awarded Wiechman total damages in the amount of $105, authorized Wiechman to terminate his rental agreement by written notice, and ordered Olivian to rescind any fees or charges added to the utility bills at issue and to bring its utility billing practices into compliance with chapter 7.25 SMC. The hearing examiner denied Wiechman's remaining requests for relief. The hearing examiner's written decision specified that "[a]ny request for judicial review of the decision must be made by application to King County Superior Court for a writ of review within fourteen (14) calendar days of the date of this decision."

On November 27, 2024, Wiechman filed a "Petition for Judicial Review" in King County Superior Court alleging that "[t]he OHE decision contained numerous procedural and legal errors."[1] Wiechman also filed a "Notice Regarding Administrative Law Review Cases" referencing chapter 34.05 RCW, Washington's Administrative Procedure Act (APA). On December 3, 2024, Wiechman filed an

---

[1] In the trial court, Wiechman maintained that he filed on November 26, 2024, the fourteenth calendar day after the hearing examiner's decision, but the clerk's office rejected that filing the following day because of a "formatting error," which Wiechman promptly corrected. Neither the trial court nor this court relies on timeliness to determine the disposition of the action.

"Amendment to Petition for Judicial Review" alleging additional errors in OHE's decision. The petition and amended petition both named OHE as the sole respondent. Although Wiechman appeared to give electronic notice to the owners of Olivian of at least one motion, our record lacks any indication that Wiechman at any time served Olivian with original process or submitted a pleading naming it or seeking relief against it.

On December 11, 2025, Wiechman filed a motion for judicial assignment and case schedule referencing the APA. The motion was noted for a hearing on January 9, 2025. On January 6, 2025, the City of Seattle (City) filed an "Opposition to Motion for Issuance of a Case Schedule." Therein, the City argued that "[a] case scheduling order is not necessary to resolve the fundamental issue of the Hearing Examiner's erroneous inclusion as a party" and asked the court to dismiss OHE from the proceeding. The City also claimed that Wiechman's petition for judicial review was untimely as it was filed one day after the 14-day deadline to seek review under SMC 7.25.050. In response, Wiechman argued that the APA requires the agency whose decision is under review be named as a respondent. Wiechman filed several "notices" alleging that the City and the superior court provided inaccurate procedural guidance, thereby prejudicing his ability to proceed effectively as a pro se litigant and delaying judicial review.  .

On January 15, 2025, a status conference took place before the chief civil judge. The trial court began by noting that Wiechman did not bring his motion for judicial assignment "in a way that conforms with our court's rules," but stated that it would treat the motion "as something that has been properly brought to my

3

attention as chief civil judge for assignment."  The court then ruled that it would "hear the motion to dismiss as chief civil judge because . . . if, in fact, I grant that motion, there is nothing to assign out to another judge."  The court faulted the City for "bring[ing] a motion to dismiss in response to a motion to assign" and directed it to file and note a motion to dismiss.

Upon further inquiry from Wiechman, the court explained,

> The only way I grant relief is on a properly noted motion.
>
> I'm taking your motion for assignment under advisement even though it wasn't properly filed, but I will consider it in substantial compliance since it is a ministerial request that you are making.  But I am going to reserve ruling on that motion until the City has an opportunity to brief its motion, and you will have a chance to respond to that before I make any ruling.

The court advised Wiechman that he is "responsible for following the rules" and directed him to stop filing documents "that complain about misdirection or confusion."

The City moved for summary judgment and requested dismissal of OHE on the ground that Wiechman incorrectly named OHE as the respondent.[2]  Wiechman opposed summary judgment, arguing that he properly filed a timely petition for judicial review wherein OHE is a necessary respondent in an action under the APA.  In reply, the City argued that Wiechman's petition was untimely and there is no genuine issue of material fact regarding OHE's improper inclusion as a party.  Prior

---

[2] Although the City failed to contemporaneously file four exhibits referenced in its motion for summary judgment, it filed them three days before the summary judgment hearing.

to the summary judgment hearing, Wiechman filed two additional motions alleging procedural irregularities that the court did not consider.

Following a hearing on February 14, 2025, the trial court granted summary judgment in favor of the City and dismissed Wiechman's petition:

It's an improper case—procedurally improper from the get-go.

Had Mr. Wiechman—and I think he did—intend[ed] to file a petition for review, he needed to name the other party, which is the landlord. He did not do so. The landlord is not before the court.

The hearing examiner, a tribunal, is not an appropriate party in a petition for review of an inferior tribunal's order.

So I am granting the hearing examiner's motion to dismiss, and the hearing examiner is the only party. So dismissal of the claims against the hearing examiner closes this case.

The City submitted a cost bill for $284.98, which the court granted. Wiechman filed a motion for recusal which the trial court denied. Wiechman also filed several additional motions, which the trial court denied because they were previously decided, not properly noted, or did not include working papers and proposed orders when submitted.

Wiechman appeals.

II

Wiechman raises 60 assignments of error asserting various procedural and due process errors. He repeatedly emphasizes his disadvantaged position as a pro se appellant. While we acknowledge the difficulties of self-representation, " 'the law does not distinguish between one who elects to conduct [their] own legal affairs and one who seeks assistance of counsel—both are subject to the same

5

procedural and substantive laws.' " In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)).

This court reviews an order on summary judgment de novo. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012). Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002). "The purpose of summary judgment is to avoid useless trials where there is no genuine factual issue to be decided." Haley v. Amazon.com Servs., LLC, 25 Wn. App. 2d 207, 217, 522 P.3d 80 (2022). "Summary judgment is appropriate for resolving pure questions of law as well." Cornelius v. Wash. State Univ., 33 Wn. App. 2d 477, 483, 562 P.3d 792 (2025).

III

Here, the dispositive issue in the case is entirely one of law: whether the trial court properly granted the City's motion for summary judgment because Wiechman incorrectly named OHE as the respondent. We conclude that it did.

Chapter 7.25 SMC governs third-party utility billing regulation in the City of Seattle. Regarding dispute resolution, SMC 7.25.050B provides,

> If a tenant believes that it has been or will be subject to billing practices that violate any provision set forth in this chapter, the tenant may, at its option, file a complaint *against the landlord* with the Office of Hearing Examiner or institute a civil action *against the landlord*.

(Emphasis added.)

Here, Wiechman chose to challenge Olivian's third-party billing practices by filing a complaint with OHE under chapter 7.25 SMC. Under SMC 7.25.050.B.1, "[a] final order or decision of the Hearing Examiner may be subject to judicial review in the King County Superior Court in accordance with the Hearing Examiner's rules and procedures." The City's "Public Guide to Appeals and Hearings Before the Hearing Examiner" states, "The postscript at the end of the decision indicates what opportunity there is for further review. Most decisions must be appealed directly to superior court." OFF. OF HR'G EXAM'R, PUBLIC GUIDE TO APPEALS AND HEARINGS BEFORE THE HEARING EXAMINER 14 (Mar. 2018), https://www.seattle.gov/documents/departments/hearingexaminer/public-guide-revised-2018_031425.pdf [https://perma.cc/K7K2-58LV]. The postscript at the end of the decision in Wiechman's case states that "[a]ny request for judicial review of the decision must be by application to King County Superior Court for a writ of review within fourteen (14) calendar days of the date of this decision."

The right to petition the superior court for a statutory writ of review is set forth in RCW 7.16.040. A writ of review "shall be granted . . . when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." RCW 7.16.040. Statutory writ proceedings in Washington are not subject to the APA, including its provisions for judicial review

7

of agency determinations.  Crosby v. County of Spokane, 137 Wn.2d 296, 306 n.6, 971 P.2d 32 (1999).

Wiechman did not name Olivian as a respondent in his application for writ of review or otherwise join Olivian as a party in the superior court.  Instead, he named OHE as the sole respondent in a petition for judicial review based on his apparent belief that the APA applies.  But no authority supports the proposition that a hearing examiner's decision in a third-party billing complaint under chapter 7.25 SMC is subject to the APA.  See RCW 34.05.010(2) (defining "agency" under the APA): Riggins v. Hous. Auth. of Seattle, 87 Wn.2d 97, 100, 549 P.2d 480 (1976) (holding that the legislature intended the APA to apply "only to those government entities clearly involved in Statewide programs."); Kitsap County Fire Prot. Dist. No. 7 v. Kitsap County Boundary Rev. Bd., 87 Wn. App. 753, 757, 943 P.2d 380 (1997) ("State agencies do not include local agencies that are not concerned with statewide programs or are not part of a statewide system.").

Wiechman points out that a municipal corporation can be placed under the APA's review framework when its enabling statute so provides.  *See* Inland Foundry Co. v. Spokane County Air Pollution Control Auth., 98 Wn. App. 121, 126-28 (1999) (applying APA to judicial review of decision of regional air pollution control authority); City of Seattle v. Am. Healthcare Servs., 13 Wn. App. 2d 838 848-49, 468 P.3d 637 (2020) (applying APA to hearing examiner's decision on claims brought under the Seattle Fair Employment Practices Ordinance, chapter 14.04 SMC).  But unlike the statutory framework being applied in those cases, chapter 7.25 SMC makes no mention of the APA.  Wiechman claims that King

County Local Civil Rule (KCLCR) 40(b)(18) provides such authority, but that rule merely directs that "Administrative Law Review Actions" are to be brought before the "Respective Chief Judge."

The APA does not apply, so Wiechman improperly named OHE as a respondent. The trial court did not err in dismissing it from the action. And Wiechman did not name Olivian as a respondent, so OHE's dismissal effectively terminated the action. The trial court did not err in granting summary judgment in the City's favor.

At least half of Wiechman's assignments of error appear to be based on his claim that the trial court failed to assign his petition for review to a judge, in violation of KCLR 40(a)(1), or otherwise deviated from the trial court's local rules. But KCLR 40(b)(18), which governs "Administrative Law Review Actions," expressly provides that "[i]f an ALR is not subject to [RCW] 34.05.518, parties should file a motion before the Respective Chief Judge seeking judicial assignment and a case schedule."[3] And KLCR 98.40(d) provides that "[t]he hearing on a writ in any [civil] case shall be noted before the Chief Civil Judge for Seattle case assignment."

Here, the trial court explained that it would "hear the motion to dismiss as chief civil judge because . . . if, in fact, I grant that motion, there is nothing to assign out to another judge." Trial courts have the inherent authority to control and manage their calendars, proceedings, and parties. State v. Gassman, 175 Wn.2d 208, 211, 283 P.3d 1113 (2012) (citing Cowles Publ'g Co. v. Murphy, 96 Wn.2d

---

[3] RCW 34.05.518 authorizes the superior court to certify direct review to this court. It does not apply here.

584, 588, 637 P.2d 966 (1981)). Regardless of how Wiechman's petition is characterized, the trial court did not abuse its discretion in doing so.

In another assignment of error, Wiechman asserts for the first time in this court that he should have been allowed to amend his petition to add Olivian as a respondent. But Wiechman did not present this argument to the trial court, and in any event did not present a proposed pleading to be considered for amendment in compliance with CR 15(a). Accordingly, we decline to review this assignment of error. Wiechman's assignments of error further assert that the trial court made materially false statements, favored the City, retaliated against him, violated due process, failed to compel transmission of the complete administrative record and ruled on it anyway, failed to consider whether amendment would cure any deficiency, failed to rule on his motions, and erred in awarding costs to the City. We have considered these claims and conclude that they do not support appellate relief.

Affirmed.

_Birk, J._
_____

WE CONCUR:

_Chung, J._
_____

_____

10