90 P.3d 37 (2004)
151 Wash.2d 428
PARKLAND LIGHT & WATER COMPANY, Fruitland Mutual Water Company, Mountain View-Edgewater Company, Summit Water and Supply Company and Spanaway Water Company, Appellants,
v.
TACOMA-PIERCE COUNTY BOARD OF HEALTH and The Tacoma-Pierce County Health Department, Respondents.
Lakewood Water District, a special purpose municipal corporation, Appellant,
v.
Tacoma-Pierce County Board of Health and The Tacoma-Pierce County Health Department, Respondents.
Citizens Opposing Fluoridation in Pierce County, Plaintiff,
v.
Tacoma-Pierce County Board of Health and The Tacoma-Pierce County Health Department, Defendants.
City of Bonney Lake, Appellant,
v.
Tacoma-Pierce County Board of Health and The Tacoma-Pierce County Health Department, Respondents.
No. 73734-7.
Supreme Court of Washington, En Banc.
Argued September 18, 2003.
Decided May 13, 2004.
Reconsideration Denied July 20, 2004.
*38 Dionne & Rorick, James Dionne, Jeffrey Ganson, Kay Slonim, Clifford Foster, Seattle, Geoffrey C. Cross PS Inc., Geoffrey Cross, Eric Maughan, Tacoma, Inslee Best Doezie & Ryder, Michael Ruark, Katherine Weber, Bellevue, Vandeberg Johnson & Gandara, G. Perrin Walker, Neli Espe, Tacoma, for Appellants.
Susan Lehne Ferguson, Tacoma Pierce County Health Dept., Tacoma, Preston Gates & Ellis, Paul Lawrence, Jay Carlson, Seattle, for Respondents.
Wayne Douglas Tanaka, Seattle, Amicus Curiae (City of Edgewood).
Robert Eugene Mack, Smith Alling Lane, Paula Tuckfield Olson, Law Offices of Grant & Associates, Tacoma, Amicus Curiae (Pierce County Dental Society).
Joyce A. Roper, Alan D. Copsey, Atty General's Ofc, Olympia, Amicus Curiae (Washington State Department of Health).
Robert Eugene Mack, Smith Alling Lane, Paula Tuckfield Olson, Law Offices of Grant & Associates, Tacoma, Amicus Curiae (Washington State Dental Association).
JOHNSON, J.
This case involves a dispute over the Tacoma-Pierce County Board of Health's resolution requiring municipal water districts and certain private water purveyors to fluoridate their water. Four sets of plaintiffs filed separate lawsuits against the Tacoma-Pierce County Board of Health (the Board) and the Tacoma-Pierce County Health Department (the Department), challenging the resolution's validity. The trial court granted summary judgment in favor of the Board. We reverse and hold that the resolution conflicts with RCW 57.08.012, which gives water districts the power to control the content of their water systems and, with that power, the authority to fluoridate their water.

FACTUAL AND PROCEDURAL HISTORY
On October 2, 2002, the Board adopted Resolution No.XXXX-XXXX.A-2, entitled, "Regulation Requiring Fluoridation of Drinking Water in Pierce County Water Systems Serving 5,000 or More People." Br. of Appellants at 2. Essentially, the resolution purports to solve the dental caries problem in Pierce County by requiring that certain water systems be fluoridated by January 1, 2004. The resolution also imposes a penalty of up to $250 per day if water purveyors do not comply with the mandate's implementation. The Board would provide funding to water purveyors in order to offset the costs of implementing the fluoridation mandate if they sign letters of intent or begin implementation by December 31, 2002.
Four sets of plaintiffs filed separate lawsuits against the Board and Department challenging the resolution's validity. The plaintiffs were (1) five private water companies called Parkland Light & Water Co., Fruitland Mutual Water Co., Mountain View-Edgewater Co., Summit Water & Supply Co., and Spanaway Water Co. (Parkland Light); (2) Lakewood Water District (Lakewood); (3) Citizens Opposing Fluoridation in Pierce County (Citizens); and (4) the City of Bonney Lake (Bonney Lake).
On December 20, 2002, the trial court consolidated the claims. The trial court set an expedited briefing and hearing schedule, and the parties exchanged cross-motions for summary judgment.
On February 19, 2003, the trial court entered an order granting the Board's motion for summary judgment and denying the plaintiffs' cross-motions for summary judgment.
Three of the four plaintiffs appealed the order.[1] Parkland and Bonney Lake sought timely review of the order with Division Two of the Court of Appeals, while Lakewood sought an emergency stay and direct review *39 with this court.[2] We accepted review and applied the stay to Lakewood.[3]
The plaintiffs present four errors for review. Specifically, the private water companies allege that (1) the Board does not have the police power to exercise the resolution, (2) the resolution imposes an illegal tax in kind, and (3) the resolution violates their due process rights, and Bonney Lake alleges that (4) it has standing to assert forced medical treatment and voting rights violation claims on behalf of its citizens. We hold that the resolution irreconcilably conflicts with the statutes governing the authority of water districts. See RCW 57.08.005; RCW 57.08.012, infra p. 7.

ANALYSIS
On appeal from summary judgment, we engage in the same inquiry as the trial court. RAP 9.12. After considering all evidence and reasonable inferences in the light most favorable to the nonmoving party, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).
Interpreting a statute presents a question of law subject to de novo review. Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n, 123 Wash.2d 621, 627, 869 P.2d 1034 (1994). When interpreting a statute, our fundamental duty is to ascertain and fulfill legislative intent. However, if a statute is clear, it is not subject to judicial construction and its meaning is to be derived from the statute itself.
Under RCW 57.08.012, water districts are given the statutory authority to decide whether to fluoridate their water systems. RCW 57.08.012 specifically states that:
[a] water district by a majority vote of its board of commissioners may fluoridate the water supply system of the water district. The commissioners may cause the proposition of fluoridation of the water supply to be submitted to the electors of the water district at any general election or special election to be called for the purpose of voting on the proposition. The proposition must be approved by a majority of the electors voting on the proposition to become effective.
This section expressly provides that water districts have the authority to decide whether to fluoridate their water systems.
The issue we must resolve, then, is whether the Board's resolution conflicts with the statutes governing the water districts' specifically delegated discretionary authority by ordering fluoridation.
Local boards of health supervise all matters pertaining to the preservation of the life and health of the people within its jurisdiction. RCW 70.05.060. A Board's statutory authority gives it the power to "[e]nact such local rules and regulations as are necessary in order to preserve, promote and improve the public health and provide for the enforcement thereof." RCW 70.05.060(3).
These broad powers do not authorize the Board to act in areas where the legislature has made a more specific delegation of authority to another agency. For instance, where the Board's action usurps specifically delegated statutory authority, a conflict can arise between the actions of one agency that negates the more specific statutory authority of another. If that occurs, the more specific statutory delegation of authority controls.
This court most recently considered whether a local regulation was invalid on grounds of conflict in HJS Development, Inc. v. Pierce County, 148 Wash.2d 451, 61 P.3d 1141 (2003). In HJS, we recognized and applied analytical framework for determining when a conflict occurs. We concluded that a local regulation conflicts with a statute when it permits what is forbidden by state law or prohibits what state law permits. HJS, 148 Wash.2d at 482, 61 P.3d 1141 (citing Rabon v. *40 City of Seattle, 135 Wash.2d 278, 292, 957 P.2d 621 (1998) ). In other words, when two provisions are contradictory they cannot coexist. No conflict will be found, however, if the provisions can be harmonized. HJS, 148 Wash.2d at 482, 61 P.3d 1141 (citing Heinsma v. City of Vancouver, 144 Wash.2d 556, 29 P.3d 709 (2001)).
In this case, we hold that the Board's resolution irreconcilably conflicts with the authority granted to water districts under RCW 57.08.012, and the two cannot be harmonized. Essentially, the Board's resolution is a local regulation that prohibits what state law permits: the ability of water districts to regulate the content and supply of their water systems expressly granted to them by statute. The resolution ordering fluoridation takes away any decision-making power from water districts with respect to the content of their water systems, and the express statutory authority granted to water districts pursuant to RCW 57.08.012 would be rendered meaningless. The purpose of the statute is to give water districts, not the Board, the authority over water fluoridation.
Here, the resolution is invalid as applied to Lakewood because it does not allow the water district to decide the issue of whether to fluoridate its water systems as provided for in RCW 57.08.012. No majority vote of the commissioners takes place. No vote of the electors (water users) within the water district takes place. The resolution deprives Lakewood of its specific statutory power and discretion provided under RCW 57.08.012.
The resolution is also invalid and ineffective as applied to the private water companies (Parkland Light). A local regulation that conflicts with state law fails in its entirety. See Adams v. Thurston County, 70 Wash.App. 471, 482, 855 P.2d 284 (1993) (holding that a county ordinance conflicted with state laws and was invalid as applied to all citizens); see also Employco Pers. Servs., Inc. v. City of Seattle, 117 Wash.2d 606, 618, 817 P.2d 1373 (1991) (holding that an entire ordinance which gave the City of Seattle blanket immunity from liability for damages for loss of electrical services was void because it conflicted with state statutes authorizing suits against utilities and permitting recovery of damages for negligently caused losses).
We lend further support for this conclusion by the fact that article XI, section 11 of the Washington State Constitution prohibits a local regulation from conflicting with a general law of the state. This means that when a local regulation conflicts with a state statute, we will invalidate the regulation. Because we conclude that an irreconcilable conflict exits, the Board's resolution fails in its entirety and cannot be enforced against any party to the present suit. Thus, we need not decide any of the other issues raised by the parties in this case.
We reverse the trial court's decision.
WE CONCUR: ALEXANDER, C.J., MADSEN, SANDERS, CHAMBERS, OWENS, JJ.
IRELAND, J. (dissenting).
In this case we are asked to determine whether the Pierce County Board of Health's (Board) resolution requiring water districts to fluoridate their water systems is lawful. The majority holds that the Board's resolution is unlawful because it conflicts with the water districts' permissive authority to decide whether to fluoridate their water systems. I respectfully dissent.
Article XI, section 11 of the Washington State Constitution authorizes that "[a]ny county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." The police power to enact regulation, a local law, ceases when it conflicts with general state law. HJS Dev., Inc. v. Pierce County, 148 Wash.2d 451, 477, 61 P.3d 1141 (2003). Where an apparent conflict exists between two statutes, the statutes should be read such that each may be given effect if possible. City of Lakewood v. Pierce County, 106 Wash.App. 63, 71, 23 P.3d 1 (2001) (citing In re Pers. Restraint of King, 110 Wash.2d 793, 799, 756 P.2d 1303 (1988)). The statutes are to be read together to achieve a harmonious total statutory scheme while maintaining the statutes' respective integrity. Id.
*41 The Board's police powers arise from a statutory delegation by the legislature. Pierce County is a home rule charter county. The legislature has authorized counties to establish boards of health to carry out public health regulatory power. RCW 70.05.035. The relevant portion of the statute provides:
Each local board of health shall have supervision over all matters pertaining to the preservation of the life and health of the people within its jurisdiction and shall:
....
(3) Enact such local rules and regulations as are necessary in order to preserve, promote and improve the public health and provide for the enforcement thereof;
(4) Provide for the control and prevention of any dangerous, contagious or infectious disease within the jurisdiction of the local health department;
RCW 70.05.060.
In Kaul v. City of Chehalis, 45 Wash.2d 616, 620, 277 P.2d 352 (1954), we held that a city's decision to fluoridate its water supply was a proper exercise of its police power. The city recognized that dental caries, also known as tooth decay, was a very common disease. In response, the city promulgated fluoridation of the city's water mainly to prevent tooth decay in children up to 14 years of age. Id. at 618, 277 P.2d 352. The Kaul court took into consideration article XI, section 11 of the Washington State Constitution and the state statutes that authorized the city to pass its ordinance. Id. at 619, 277 P.2d 352.
The Kaul decision remains the law nearly 50 years later. The Board's police powers under RCW 70.05.060 include the power to direct fluoridation of water within its jurisdictional limits. As in Kaul, the fluoridation resolution here was proposed to address the high incidence of dental caries among children within its jurisdictional limits. The Board considered evidence and made the following extensive health hazard findings: dental caries is the single most common chronic childhood disease; on a national level, more than 51 million school hours are lost related to dental illnesses; in Pierce County an estimated 128,000 school hours per year are lost due to dental illnesses; dental caries affect 50 percent of the children below the age of nine; fluoridation of the public water supply is the most equitable, cost effective, and cost-saving method to the community to prevent and control dental caries; and that only 43 percent of Pierce County residents received optimally fluoridated water compared with 57.8 percent for the state. The Board's adoption of a resolution requiring water purveyors within Pierce County that serve 5,000 or more persons to fluoridate their water supply was a proper exercise of its police power.
In this case, RCW 57.08.012 applies to all water districts and grants them permissive authority to fluoridate their water systems. RCW 57.08.012 reads in relevant part, "[a] water district by a majority vote of its board of commissioners may fluoridate the water supply system of the water district. The commissioners may cause the proposition of fluoridation of the water supply to be submitted to the electors of the water district...." (Emphasis added.) It is well established that the use of "may" in a statute indicates that the provision is permissive and not binding, while the use of "shall" indicates a mandatory obligation. See Amren v. City of Kalama, 131 Wash.2d 25, 35, 929 P.2d 389 (1997); Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs., 133 Wash.2d 894, 907-08, 949 P.2d 1291 (1997); Strenge v. Clarke, 89 Wash.2d 23, 29, 569 P.2d 60 (1977). The majority incorrectly concludes that the legislature's grant of permissive authority amounts to giving water districts the exclusive authority to decide on fluoridation of their water systems. On this basis, the majority concludes an irreconcilable conflict exists between RCW 57.08.012 and the Board's resolution. However, the court should conclude that there is no conflict between the Board's resolution and RCW 57.08.012 having regard to the context and legislative history.
Prior to the 1988 amendment, the water districts had "full authority to regulate [water] and control the use, distribution and price thereof." Former RCW 57.08.010 (1987), repealed by Laws of 1996, ch. 230, § 1703. The 1988 amendment added the word "content" to former RCW 57.08.010, now codified at RCW 57.08.005(3), according *42 to the House Bill Report on H.B. 1514, to address the concern raised by the attorney general opinion that water districts did not have the authority to fluoridate their water systems without authorization from the county. H.B. Rep. on H.B. 1514, 50th Leg., Reg. Sess. (Wash.1988); 1987 Op. Att'y Gen. No. 3, at 2.
Lakewood argues that "full authority" over water content means "exclusive authority" and includes the "right to decide whether to change that content by adding fluoride to the water." The Board takes the position that "full authority" is not the same as exclusive authority, citing to the legislative history. Further, the Board points out that water districts are required to comply under WAC 246-290-300(3) with the Washington State Department of Health directives to add chlorine into their water systems when bacteriological thresholds are exceeded. They are not free to disregard the regulation of a higher legislative authority.
The legislative history shows the legislature intended to provide water districts with the nonexclusive authority to fluoridate water within their jurisdiction. The changes to RCW 57.08.005 and 57.08.012 arose out of concern as to whether water districts could fluoridate. The attorney general issued an opinion that water districts did not have the police power to fluoridate water absent a grant of authority by the county. The legislature responded by enacting a bill that gave water districts permissive authority because "[s]ome attorneys question[ed] the authority of a water district to fluoridate its water unless expressly authorized by the Legislature." H.B. Rep. on H.B. 1514, supra, at 2. Nothing in the statute or legislative history suggests that the legislature's grant of permissive authority to permit water districts to have the ability to fluoridate the water on their own, simultaneously operated to prohibit counties and cities from exercising their police power to fluoridate. Contrary to the majority's assertion, the Board's resolution does not usurp the water district's authority. RCW 57.08.012 and the Board's resolution are harmonized with each another. Thus, the court should hold that the Board's resolution does not conflict with the legislature's permissive grant of authority to water districts to optionally fluoridate their water systems.
BRIDGE and FAIRHURST, JJ., concur.
NOTES
[1] Citizens did not appeal.
[2] The Board and Department joined in the request for direct review, and the private water companies did not object.
[3] Before Lakewood filed its motion for an emergency stay, the commissioner of the Court of Appeals granted the same motion pending before that court. After the case was consolidated and transferred to this court, we extended the stay to include Lakewood. Commissioner's Ruling (Mar. 19, 2003).