105 P.3d 985 (2005)
153 Wash.2d 657
ENTERTAINMENT INDUSTRY COALITION, Respondent,
v.
TACOMA-PIERCE COUNTY HEALTH DEPARTMENT and Tacoma-Pierce County Board Of Health, Appellants.
No. 75675-9.
Supreme Court of Washington, En Banc.
Argued November 16, 2004.
Decided February 10, 2005.
*986 Paul J. Lawrence, Alina Ann Mclauchlan, Sumeer Singla, Preston Gates & Ellis LLP, Seattle, for Appellants.
Samuel Rush Watkins, Malaika Marie Eaton, Heller Ehrman White & McAuliffe LLP, Seattle, for Respondent.
P. Stephen DiJulio, Ramsey E. Ramerman, Foster Pepper & Shefelman, Seattle, for Amicus Curiae American Cancer Society, American Heart Ass'n, American Lung Ass'n of Washington, Washington Asian Pacific Islander, Washington Breathe Alliance.
David Alan Bricklin, Bricklin Newman Dold LLP, Seattle, Michale G. Colantuono, Hannah Bentley, Colantuono & Levin, PC, Los Angeles, CA, for Amicus Curiae American Medical Ass'n, American for Nonsmokers' Rights, Campaign for Tobacco-Free Kids, National Ass'n of County and City Health Officials, National Ass'n of Local Boards of Health, Tobacco Control Legal Consortium.
David Alan Bricklin, Bricklin Newman Dold LLP, Seattle, for Amicus Curiae Washington State Medical Ass'n.
Randall Joseph Watts, Bellingham, for Amicus Curiae Whatcom County.
C. JOHNSON, J.
This case involves a challenge brought by a number of Pierce County businesses against a resolution passed by the Tacoma-Pierce County Board of Health (Health Board) banning smoking in all public establishments throughout Pierce County. The respondent, Entertainment Industry Coalition (EIC), challenged the validity of the resolution claiming the regulation conflicts with specific provisions of chapter 70.160 RCW, the Washington Clean Indoor Air Act.
The Pierce County Superior Court concluded the resolution conflicts with this act, invalidated the resolution, and enjoined enforcement of the resolution. The superior court denied a request by EIC for attorney fees under RCW 4.84.350 and RCW 4.84.185. The Health Board appealed to the Court of Appeals, and the case was then transferred to this court. EIC cross-appealed the trial *987 court's denial of attorney fees. We affirm the trial court.

ANALYSIS
In 1985, the Washington Clean Indoor Air Act (Act) was enacted. Various sections of the Act are at issue in this case. RCW 70.160.030 states that "No person may smoke in a public place except in designated smoking areas."
RCW 70.160.040(1) provides:
(1) A smoking area may be designated in a public place by the owner or, in the case of a leased or rented space, by the lessee or other person in charge except in:
(a) Elevators; buses, except for private hire; streetcars; taxis, except those clearly and visibly designated by the owner to permit smoking; public areas of retail stores and lobbies of financial institutions; office reception areas and waiting rooms of any building owned or leased by the state of Washington or by any city, county, or other municipality in the state of Washington; museums; public meetings or hearings; classrooms and lecture halls of schools, colleges, and universities; and the seating areas and aisle ways which are contiguous to seating areas of concert halls, theaters, auditoriums, exhibition halls, and indoor sports arenas; and
(b) Hallways of health care facilities, with the exception of nursing homes, and lobbies of concert halls, theaters, auditoriums, exhibition halls, and indoor sports arenas, if the area is not physically separated....
Except as provided in other provisions of this chapter, no public place, other than a bar, tavern, bowling alley, tobacco shop, or restaurant, may be designated as a smoking area in its entirety. If a bar, tobacco shop, or restaurant is designated as a smoking area in its entirety, this designation shall be posted conspicuously on all entrances normally used by the public.
RCW 70.160.080 provides that "Local fire departments or fire districts and local health departments may adopt regulations as required to implement this chapter."
On December 3, 2003, the Health Board adopted the resolution at issue in this case. The operative section being challenged states in relevant part: "[S]moke free air is mandated in all indoor public places, including a presumptively reasonable minimum distance ... of twenty-five (25) feet from entrances, exits, opening windows and ventilation intakes...." Tacoma-Pierce County Health Dep't Bd. of Health ch. 82, Regulation 82.3, § 3 (Dec. 3, 2003) (Resolution No.XXXX-XXXX). This ban applies to all public places, including restaurants, taverns, bars, bowling alleys, and all other enclosed public areas.
EIC challenged the resolution and claimed the regulation conflicted with sections of the Act. EIC argues that a total smoking ban in all public areas  including a bar, tavern, bowling alley, tobacco shop, restaurant, or an employee workplace, which are expressly exempted from regulation under the Act-is contrary to RCW 70.160.040. EIC further argues that unless the Act specifically requires establishments to be smoke-free, business owners have the choice of having a smoking section or of remaining smoke-free.
A health board's authority to enact health regulations comes solely from statutory delegation. RCW 70.05.060(3) provides for health boards to "Enact such local rules and regulations as are necessary in order to preserve, promote and improve the public health...." The statute, under RCW 70.05.060(4), also directs a local health board to "[p]rovide for the control and prevention of any dangerous, contagious or infectious disease within the jurisdiction of the local health department."
While the statutory delegation under RCW 70.05.060 is broad, such delegation does not include any power to enact regulations that conflict with state legislation. A local regulation conflicts with a statute when it permits what is forbidden by state law or prohibits what state law permits. Where such a conflict is found to exist, under the principle of conflict preemption, the local regulation is invalid. Parkland Light & Water Co. v. Tacoma-Pierce County Bd. of Health, 151 Wash.2d 428, 433, 90 P.3d 37 (2004).
*988 We have previously found conflict preemption when an ordinance and statute cannot be harmonized. HJS Dev., Inc. v. Pierce County ex rel. Dep't of Planning & Land Servs., 148 Wash.2d 451, 482, 61 P.3d 1141 (2003). Most recently, under conflict preemption, we invalidated a local regulation where the Tacoma-Pierce County Board of Health, by resolution, ordered certain water districts and providers to fluoridate their water supply. Parkland, 151 Wash.2d at 433-34, 90 P.3d 37. In Parkland, we invalidated the health board's action, despite the fact that fluoridation would fight disease, since the regulation was preempted by conflicting state law.
Like our previous cases, the Health Board resolution banning smoking also irreconcilably conflicts with specific state statutory provisions. By prohibiting smoking in all indoor public locations, the local regulation does not allow business owners to designate smoking areas. The Act permits smoking in certain public areas, providing that a "[s]moking area may be designated in a public place by the owner...." RCW 70.160.040(1). The resolution, by imposing a complete smoking ban, prohibits what is permitted by state law: the ability of certain business owners and lessees to designate smoking and nonsmoking locations in their establishments.
The Health Board's authorization to implement the Act, under RCW 70.160.080, only allows regulations consistent within the Act's statutory guidelines. A statutory delegation to an agency or board is limited to those powers expressly granted, and if any doubt exists related to the granting of this power, it must be denied. Employco Personnel Serv. v. City of Seattle, 117 Wash.2d 606, 617, 817 P.2d 1373 (1991). Thus, under the specific statutory provisions, most business owners have the choice to have a smoking section. In some businesses, like a bar, tavern, bowling alley, tobacco shop, or restaurant, the statute allows an owner to create the entire establishment as a smoking establishment. By prohibiting what the statute allows, the Health Board's resolution is invalid.
The Health Board contends that if any portion of the Act is found to preempt the smoking ban, the antismoking regulation is no longer in the hands of government, but instead with private business owners. The Health Board argues that this statutory authorization to designate smoking areas implicates the nondelegation doctrine. Under that doctrine, the legislature may grant regulatory authority to private parties only if proper standards, guidelines, and procedural safeguards exist. United Chiropractors of Wash., Inc. v. State, 90 Wash.2d 1, 4-8, 578 P.2d 38 (1978). However, the legislature has drawn this line by giving business owners specific guidelines and by providing local health boards and fire departments with the responsibility to ensure statutory compliance and implementation. RCW 70.160.040. We find that the Act, under RCW 70.160.040, provides sufficient standards, guidelines, and safeguards and leaves sufficient regulatory authority to local entities to ensure compliance with the statutory requirements. Thus, the nondelegation argument is unpersuasive.
In its final argument, the Health Board contends that if any portion of the Act is found to preempt the smoking ban, there is an equal protection violation since certain workers are being denied protection from carcinogenic smoke fumes. Even if the Health Board were in a position, in a representative capacity, to make an equal protection argument, its claim fails. The purpose of the statute is to create areas within certain businesses to limit public exposure to "environmental tobacco smoke", which the statute does to various degrees. To argue that the Act is punishing some class of workers confuses the effect of the legislation, and we find no equal protection violation.

CONCLUSION AND ATTORNEY FEES
EIC argues that it should be awarded attorney fees. It claims that the Health Board's defense was frivolous, entitling EIC to attorney fees under RCW 4.84.185.[1] Also, *989 under RCW 4.84.350,[2] the equal access to justice act (EAJA) (LAWS OF 1995, ch. 403, § 901), EIC argues that it is a qualified party, the Health Board is a state agency, and the Health Board's regulation was not substantially justified, thereby entitling EIC to attorney fees. The Health Board maintains it does not owe attorney fees, since its efforts to improve health conditions under RCW 70.05.060 were substantially justified and its defense was rational. The Health Board also contends that EIC is not entitled to attorney fees under EAJA because EIC is not a qualified party, the Health Board is not a state agency, and the awarding of fees would be unjust. The trial court denied EIC's request for attorney fees under both RCW 4.84.185 and RCW 4.84.350. The trial court found that the defense was not frivolous, there was substantial justification for the Health Board's actions, and neither EIC nor the Health Board completely fits the EAJA definitional requirements for EIC to have a valid claim.
EIC argues that the trial court erred by not finding the Health Board's defense frivolous. The standard of review for attorney fees in frivolous lawsuits is abuse of discretion, examining the trial court's decision whether a case, taken as a whole, is advanced without reasonable cause. RCW 4.84.185; State ex rel. Quick-Ruben v. Verharen, 136 Wash.2d 888, 903, 969 P.2d 64 (1998). Under this standard, we will reverse a trial court's decision only where the trial court's denial of attorney fees is untenable or manifestly unreasonable. Ermine v. City of Spokane, 143 Wash.2d 636, 641, 23 P.3d 492 (2001). The trial court found that the Health Board made rational arguments in support of its defense. We agree with this finding and affirm the denial of attorney fees under RCW 4.84.185.
EIC also contends that the trial court erred in denying it an award of attorney fees under EAJA. This act is intended to provide possible attorney fees for certain individuals and qualified groups who might otherwise be deterred from litigating against unjust state agency actions. RCW 4.84.350. EIC argues that we should review the trial courts decisions regarding EAJA attorney fees de novo, since the issues of whether EIC is a qualified party and the Health Board is a state agency are both matters of law. We agree that these two issues are questions of law and provide for de novo review. However, since the Health Board is not a state agency, as required by the act, EIC is not eligible for an award of attorney fees under the EAJA.
The EAJA allows an award of attorney fees only for a qualified party who prevails in a judicial review of an "agency action."[3] *990 The EAJA defines "agency" as "any state board, commission, department, institution of higher education, or officer, authorized by law to make rules or to conduct adjudicative proceedings...." RCW 4.84.340(1) (emphasis added). The definition of an "agency action" means an agency action as defined under chapter 34.05 RCW, the Administrative Procedures Act (APA). RCW 4.84.340(2).
On its face, the statute awards attorney fees only to qualified parties who prevail in a judicial review of actions against "state" agencies. The Tacoma-Pierce County Board of Health is not a state agency. See generally chapter 70.05 RCW ("LOCAL HEALTH DEPARTMENTS, BOARDS, OFFICERS  REGULATIONS") (emphasis added). This description alone could resolve the issue.[4] However, there is additional support. Like the EAJA, the APA definition of "agency" is also limited to a "state board, commission, department, institution of higher education, or officer" and an "agency action" is the "licensing, the implementation or enforcement of a statute, the adoption or application of an agency rule or order, the imposition of sanctions, or the granting or withholding of benefits" by such an "agency." RCW 34.05.010(2),(3).
The APA applies only to actions of state agencies clearly involved in statewide programs. Riggins v. Housing Auth., 87 Wash.2d 97, 100, 549 P.2d 480 (1976). Riggins set forth several nonexclusive factors to determine whether a government entity is a "state agency" under the APA. These factors included whether the government agencies had limited geographical areas of operation, were independent and permitted to set their own rules and regulations, and were not receiving state funding. Kitsap County Fire Prot. Dist. No. 7 v. Kitsap County Boundary Review Bd., 87 Wash.App. 753, 757, 943 P.2d 380 (1997); Riggins, 87 Wash.2d at 101-02, 549 P.2d 480.
Under chapter 70.05 RCW, the duties of local health boards primarily deal with local health concerns, and local health boards operate with limited geographical jurisdiction.[5]See RCW 70.05.060-.070. They are independent and set their own rules and regulations. RCW 70.05.060(3). While they receive funding from both state and local sources, we find the funding source not to be the dispositive factor in this case.[6] In this case, the Health Board is not an agency under the APA, and therefore its actions were not "agency actions" under the APA. Thus, the Health Board is not an "agency" under the EAJA.
Because the Health Board is not an "agency" within the meaning of the EAJA, the EIC is not entitled to attorney fees under that act. We affirm the trial courts denial of attorney fees under RCW 4.84.350.
The decision of the trial court is affirmed.[7]
*991 We concur: ALEXANDER, C.J., MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, JJ., and IRELAND, J.P.T.
NOTES
[1] "In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order." RCW 4.84.185.
[2] "(1) Except as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust. A qualified party shall be considered to have prevailed if the qualified party obtained relief on a significant issue that achieves some benefit that the qualified party sought.

"(2) The amount awarded a qualified party under subsection (1) of this section shall not exceed twenty-five thousand dollars. Subsection (1) of this section shall not apply unless all parties challenging the agency action are qualified parties. If two or more qualified parties join in an action, the award in total shall not exceed twenty-five thousand dollars. The court, in its discretion, may reduce the amount to be awarded pursuant to subsection (1) of this section, or deny any award, to the extent that a qualified party during the course of the proceedings engaged in conduct that unduly or unreasonably protracted the final resolution of the matter in controversy." RCW 4.84.350.
[3] "Except as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust...." RCW 4.84.350(1).
[4] "Where the meaning of the statute is clear from the language of the statute alone, there is no room for judicial interpretation." Kadoranian v. Bellingham Police, 119 Wash.2d 178, 185, 829 P.2d 1061 (1992)
[5] EIC cites to Honesty in Envtl. Analysis & Legislation (HEAL) v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 96 Wash.App. 522, 535, 979 P.2d 864 (1999) for the proposition that a government entity with less than statewide territorial jurisdiction can be an "agency" under the EAJA. HEAL did not discuss Riggins or Kitsap County and did not note that Growth Management Hearings Boards (GMHB) are not specifically governed under the "agency" definition within the APA, but instead are governed through a separate legislative directive in the growth management act. RCW 36.70A.270(7).300(5). Further, HEAL did not award attorney fees on other grounds, finding the actions of the GMHB to have been "substantially justified."
[6] Indeed, if mere funding of local agencies were sufficient to turn them into "state" agencies for purpose of the EAJA, then virtually no local agency would be excluded. Treating this factor as dispositive if any state funding were provided would require this court to decide whether "pass through" funds collected by the state on behalf of local governments constituted "state funding," whether a redistribution by a local legislative authority of nonearmarked funds received from the state cleanses such funds of being "state funding," and countless similar issues. While the source of a government entity's funding is a relevant factor, and might carry significant weight if funding were entirely provided by either the state or the local government, the factor cannot be dispositive.
[7] The Health Board filed a motion to strike EIC's declarations of alleged economic harm from the smoking ban. The statements are not included in the court record and were improperly used within EIC's briefs. Further, the statements do not pertain to the legal issues before the court. The motion is granted and the declarations by EIC, which are outside the record on review, are stricken.