132 P.3d 783 (2006)
132 Wash.App. 515
James DAVIS and Gail Davis, husband and wife, Appellants,
v.
Michael TAYLOR and Rhonda Taylor, husband and wife, Respondents.
No. 24041-0-III.
Court of Appeals of Washington, Division 3.
April 20, 2006.
Robert E. Jr. Lawrence-Berrey, Attorney at Law, Yakima, WA, for Appellant.
*784 James Stephen Elliott, Velikanje Moore & Shore PS, Yakima, WA, for Respondent.
SWEENEY, C.J.
¶ 1 State and county right-to-farm laws insulate farmers from liability for nuisances that preexist residential development. Here, after a neighboring residential development had been well established, the defendant farmers changed their orchard from an apple orchard to a cherry orchard and then started using loud guns to scare away birds. The trial judge concluded that Yakima County's version of the right-to-farm law accommodated this new noisy activity because the farm preexisted the residential development. We conclude that it is the farming practice or activity that controls, not the fact that a farm predates development. And we therefore reverse and remand for entry of judgment for the homeowners enjoining the activity.

FACTS
¶ 2 James and Gail Davis purchased a lot in an existing residential subdivision in 1989. They built a house on the lot. The lot was in a quiet neighborhood, adjacent to an apple orchard. The apple orchard had been there for nearly 50 years.
¶ 3 Michael and Rhonda Taylor bought the apple orchard in 1991. They operated the land as an apple orchard until 1997. They then converted the apple orchard to a cherry orchard. The cherry trees did not produce a crop until 2001. Birds damaged the Taylors' cherry crop. The Taylors began the use of propane cannons and cherry guns in 2001 to protect their cherry crops.
¶ 4 The propane cannons and cherry guns are fired within 100 feet of the Davises' home. They are fired from sunrise to sunset from May through July. The noise shakes the Davises' house. They cannot leave their windows open. "[T]he noise is so loud inside [the] home, with the windows closed, as to cause a startle reflex even when [Mr. and Ms. Davis] know it is coming." Clerk's Papers (CP) at 42. Mr. and Ms. Davis cannot peacefully enjoy their home.
¶ 5 The Davises sued the Taylors to have the noise declared a nuisance. They sought an injunction. The Taylors moved for summary judgment on the strength of state and county "right-to-farm" laws. The Davises also moved for summary judgment. The trial court concluded that the Taylors' activities were a nuisance under state law, but nonetheless were permitted by Yakima County's version of the right-to-farm law. It then dismissed the Davises' complaint.

DISCUSSION
¶ 6 The question presented is whether this nuisance (propane cannons and cherry guns) is insulated from liability by either the state or county right-to-farm laws.
¶ 7 The Davises argue that the right-to-farm laws only protect preexisting agricultural activities  not these new or expanded activities. They maintain that these new activities (the guns) were not preexisting agricultural activities. And these farming activities effectively destroy the peace of their well-established neighborhood.
¶ 8 The Taylors respond that their farm has always been just that  a farm. And the use of these guns is a well-accepted farming practice. They argue that the mere fact that they changed the crop here from apples to cherries did not change the basic nature of the activity  it is still a farm. And they maintain they are entitled to farm it according to the best agricultural practices, which includes these guns.

STANDARD OF REVIEW
¶ 9 We review a trial court's grant of summary judgment de novo. Tucker v. Hayford, 118 Wash.App. 246, 251, 75 P.3d 980 (2003). Summary judgment will be granted where there are no genuine issues of material fact and the issues presented can be resolved as a matter of law. Id.; CR 56(c).
¶ 10 A nuisance is "[any] obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of. . . life and property." RCW 7.48.010. But right-to-farm laws exempt "agricultural activities"; they are not nuisances by definition. RCW 7.48.300-.310, .905; Alpental Cmty. Club, Inc. v. Seattle Gymnastics Soc'y, 154 Wash.2d 313, 317, 111 P.3d 257 (2005). The *785 right-to-farm act was a direct response to the urbanization of rural communities and the increase in nuisance actions related to "`agricultural activities conducted on farmland.'" Alpental Cmty. Club, 154 Wash.2d at 317, 111 P.3d 257 (quoting RCW 7.48.300); Vicwood Meridian P'ship v. Skagit Sand & Gravel, 123 Wash.App. 877, 882-83, 98 P.3d 1277 (2004).
¶ 11 The state right-to-farm act exempts "agricultural activities" if the activity meets three conditions. RCW 7.48.305; Buchanan v. Simplot Feeders Ltd. P'ship, 134 Wash.2d 673, 680, 952 P.2d 610 (1998). The "agricultural activit[y]" must be (1) "consistent with good agricultural ... practices," (2) it must be "established prior to surrounding nonagricultural. . . activities," and (3) it must not "ha[ve] a substantial adverse effect on the public health and safety." RCW 7.48.305 (emphasis added). An "agricultural activity" is "a condition or activity which occurs on a farm in connection with the commercial production of farm products." RCW 7.48.310(1). "Noise" is listed as an "agricultural activity." Id. More accurately, noise is the result of certain agricultural activities.
¶ 12 The legislature intended that the right-to-farm act be applied narrowly to protect only those farms in "urbanizing areas." Buchanan, 134 Wash.2d at 682-83, 952 P.2d 610; Alpental Cmty. Club, 154 Wash.2d at 320, 111 P.3d 257. The act effectively codified the "coming to the nuisance defense" (where a party moves to an existing nuisance). Alpental Cmty. Club, 154 Wash.2d at 320, 111 P.3d 257; Buchanan, 134 Wash.2d at 683, 952 P.2d 610 (a party cannot move next to a farm and then complain that the existing agricultural activities are a nuisance).
¶ 13 Yakima County passed similar legislation. YAKIMA COUNTY CODE (YCC) §§ 6.22.010-.040 (1990). Yakima County protects "farm operation[s]" from being considered a nuisance. YCC §§ 6.22.010-.040. The "farm operation" must conform "to generally accepted agricultural and management practices" and it must have "existed before a change in the land use or occupancy of adjacent land or other land in the general area." YCC §§ 6.22.020, .030[1] (emphasis added). A "farm operation" is "a condition or activity which occurs on a farm in connection with the commercial or educational production of farm products." YCC § 6.22.010(b). Like the comparable state statute, "noise" is listed as a "farm operation." Id.
¶ 14 We attempt to interpret a county ordinance so that it does not conflict with state law. Entm't Indus. Coal. v. Tacoma-Pierce County Health Dep't, 153 Wash.2d 657, 663, 105 P.3d 985 (2005). "A [county ordinance] conflicts with a [state] statute when it permits what is forbidden by state law or prohibits what state law permits." Id. Ordinances that cannot be harmonized with state law are invalid. Id.
¶ 15 Mr. and Ms. Taylor read YCC § 6.22.030 broadly, more broadly than we will. "A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation existed before a change in the land use or occupancy of adjacent land or other land in the general area." YCC § 6.22.030. The Taylors argue that their activities are not a nuisance since an actual farm (an apple orchard) existed before Mr. and Ms. Davis built their house. Resp't's Br. at 18-19. Their interpretation would permit the use of any farm operation as long as a farm existed before the change in use of the adjacent land. For us, this interpretation yields a result that conflicts with state law. Entm't Indus. Coal., 153 Wash.2d at 663, 105 P.3d 985. RCW 7.48.305 requires that an "agricultural activity" exist before local development in order to be exempt from a nuisance action. YCC § 6.22.030 would, then, be invalid under the Taylors' suggested interpretation. Entm't Indus. Coal., 153 Wash.2d at 663, 105 P.3d 985.
*786 ¶ 16 We read YCC § 6.22.030 as applying to farms or farm operations. Here, we are concerned with "noise"; this is a "farm operation." YCC § 6.22.010(b). The ordinance then requires that the "noise" caused by the farm exist before a change in the adjacent land to benefit from the exemption. YCC § 6.22.030. This reading is consistent with state law. RCW 7.48.305, .310(1); see Entm't Indus. Coal., 153 Wash.2d at 663, 105 P.3d 985.
¶ 17 Here, the increased noise level caused by the Taylors' use of propane cannons and cherry guns began after the Davises built their house. The orchard had previously been quiet and pastoral. The propane cannons and cherry guns were not used in the apple orchard. This activity (farm operation) followed only after the adjoining residential neighborhood was well established. The Taylors' use of propane cannons and cherry guns is then a nuisance. RCW 7.48.010. And it is not, then, insulated from a nuisance action under the state right-to-farm act or its counterpart, the Yakima County Code. RCW 7.48.305, .310(1); YCC §§ 6.22.010(b), .030.
¶ 18 The Taylors further argue that state law defines "agricultural activity" to include the "conversion from one agricultural activity to another." RCW 7.48.310(1); Resp't's Br. at 31-32. They argue that they are, therefore, exempt from liability for a nuisance since they are entitled to change their crop. And they say that necessarily implies that they can adopt measures necessary to protect that crop. But even if we accept this definition for "agricultural activity," the statute still requires that the conversion take place before local development. RCW 7.48.305, .310(1).
[The "conversion from one agricultural activity to another"] conducted on farmland..., if consistent with good agricultural... practices and established prior to surrounding nonagricultural . . . activities, are presumed to be reasonable and shall not be found to constitute a nuisance unless the activity has a substantial adverse effect on the public health and safety.
RCW 7.48.305 (emphasis added); RCW 7.48.310. New or expanded activities, after local development, are not exempt from a nuisance liability. RCW 7.48.305, .310; see Buchanan, 134 Wash.2d at 680, 952 P.2d 610.
¶ 19 The Taylors' use of propane cannons and cherry guns is a new and expanded activity. RCW 7.48.305, .310; see Buchanan, 134 Wash.2d at 680, 952 P.2d 610. It is an activity that significantly increased the orchard's noise level. The Taylors' use of propane cannons and cherry guns is not, then, exempt from a nuisance action under state or local law. RCW 7.48.305, .310(1); YCC §§ 6.22.010(b), .030. The trial court correctly concluded that the Taylors' activities violate state law. CP at 7; RCW 7.48.010, .305,.310(1). We disagree, however, with the court's conclusion that the Yakima County Code protects the activities. CP at 5-7; YCC §§ 6.22.010-.040.
¶ 20 We therefore reverse the summary judgment in favor of the Taylors and remand for entry of summary judgment in favor of the Davises.
WE CONCUR: KATO and SCHULTHEIS, JJ.
NOTES
[1] "A farm operation shall not be found to be a public or private nuisance if the farm or farm operation conforms to generally accepted agricultural and management practices." YCC § 6.22.020.

"A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation existed before a change in the land use or occupancy of adjacent land or other land in the general area." YCC § 6.22.030.